UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY LEE MORRIS,<br><br>                Plaintiff,<br><br>      v.<br><br>CDCR, et al.,<br><br>                Defendants. | Case No. CV 16-5547-SVW (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff Sammy Lee Morris ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Complaint ("Complaint") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging defendants CDCR, R. Yavari, J. Kidd, E. Clark, V. Ortiz, and J. Curiel ("Defendants") violated his First, Eighth, and Fourteenth Amendment rights. As discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On July 20, 2016, Plaintiff constructively filed[1] a complaint ("Complaint") pursuant to Section 1983. Dkt. 1, Compl.[2] Plaintiff sues Defendants R. Yavari, J. Kidd, E. Clark, V. Ortiz, and J. Curiel in both their individual and official capacities. Id. at 3-4.

Plaintiff appears to be complaining about rule violations he and other inmates received for indecent exposure. He argues it is "so easy" for inmates to be given rule violations for indecent exposure without due process in violation of their Fourteenth Amendment rights. Compl. at 6-7. Plaintiff alleges his First Amendment rights are violated when he is forced to wear a yellow jumpsuit as a result of the rule violations which identifies him with a "badge of shame." Id. at 10. Inmates who receive indecent exposure violations are then discriminated against and treated differently in violation of their Fourteenth Amendment equal protection rights. Id. at 6-7. Plaintiff states he "feel[s] uncomfortable because staff are constantly staring at [his] lap and between [his] legs, always looking down at [him] staring, like the[y're] just waiting for [him] to do something inappropriate." Id. at 7. Plaintiff appears to argue his Eighth Amendment rights are violated by this "retaliatory sexual harassment" and Defendants' deliberate indifference to the humiliation caused Defendants' malicious issuance of indecent exposure rule violations. Id. at 6-7.

Plaintiff seeks compensatory and punitive damages in the sum of $100,000 against each Defendant in their individual capacity. Id. at 14.

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

## III.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the

1 court to draw the reasonable inference that the defendant is liable for the
2 misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).
3      "A document filed pro se is to be liberally construed, and a pro se complaint,
4 however inartfully pleaded, must be held to less stringent standards than formal
5 pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.
6 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se,
7 particularly in civil rights cases, to construe the pleadings liberally and to afford the
8 p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir.
9 2012) (citation omitted).
10      If the court finds the complaint should be dismissed for failure to state a
11 claim, the court has discretion to dismiss with or without leave to amend. Lopez v.
12 Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted
13 if it appears possible the defects in the complaint could be corrected, especially if
14 the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,
15 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint
16 cannot be cured by amendment, the court may dismiss without leave to amend.
17 Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th
18 Cir. 2009).

### IV.
### DISCUSSION

**A. THE COMPLAINT DOES NOT UNAMBIGUOSLY IDENTIFY DEFENDANTS**

23      Rule 10(a) of the Federal Rules of Civil Procedure requires that each
24 defendant be named in the caption of the complaint. A complaint is subject to
25 dismissal if "one cannot determine from the complaint who is being sued, [and] for
26 what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996)
27      Here, while CDCR appears in the caption of the Complaint, it is not listed in
28 the section of the Complaint identifying the parties. See Compl. at 3-4. The Court

1  is therefore unable to determine whether Plaintiff intended to name CDCR as a
2  defendant.
3       If Plaintiff decides to include CDCR in an amended complaint, he must
4  clarify exactly who the defendants are – at a minimum, the caption and body of the
5  complaint must agree.

6  **B.   THE COMPLAINT FAILS TO COMPLY WITH THE PLEADING**
7       **REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF**
8       **CIVIL PROCEDURE**

9       Rule 8(a) requires that a complaint contain "a short and plain statement of
10 the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1)
11 provides "[e]ach allegation must be simple, concise, and direct." As the Supreme
12 Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of
13 entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127
14 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Complaints that are "argumentative, prolix,
15 replete with redundancy, and largely irrelevant" and that "consist[] largely of
16 immaterial background information" are subject to dismissal under Rule 8. See
17 McHenry, 84 F.3d at 1177.
18      In the instant case, it is difficult for the Court to determine the exact nature
19 of Plaintiff's claims. Plaintiff does not specify a date on which the constitutional
20 harm was allegedly committed; nor does he specify what actions were allegedly
21 committed by which actors in order to produce the alleged constitutional harm.
22 Plaintiff's Complaint is replete with repetitive and irrelevant facts and arguments,
23 much of which are incomprehensible. For example, Plaintiff states: "Inmates
24 should not be deprived of any rights or priveleges common to other human beings.
25 The entire spectrum, remind us that we are a futuristic people." Compl. at 7-8.
26 He then spends several pages discussing the difference between just and unjust
27 laws, arguing "[t]his is certainly a legitimate concern, since we so diligently urge
28 people to obey the Supreme Court Decision of 1954 outlawing segregation in the

1   public school." Id. at 7-9.  In another example, Plaintiff notes his "other major
2   disappointment with CDCR: I have been so greatly disappointed with leadership
3   (warden of course)."  Id. at 10.

4         As a result of the Complaint's lack of clarity and specificity, the Court
5   cannot decipher the nature of Plaintiff's claims.  Hence, the Complaint does not
6   give Defendants adequate notice of the legal claims being asserted against them.
7   See McHenry, 84 F.3d at 1176.  Unclear pleadings, such as the Complaint, that
8   "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and
9   upon what federal law, and upon what facts, each claim is based" remain subject to
10  dismissal.  Little v. Baca, No. CV 13–0373 PA (RZ), 2013 WL 436018, at *3 (C.D.
11  Cal. Feb. 1, 2013).  Accordingly, the Complaint must be dismissed.  See also
12  Clayburn v. Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D.
13  Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long,
14  rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant)
15  should be able to read and understand Plaintiff's pleading within minutes").

16        In amending the Complaint, Plaintiff must state each of his claims separately
17  and for each claim should identify "clearly and precisely" and briefly the legal basis
18  and the facts underlying it.  See Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir.
19  2000) ("Experience teaches that, unless cases are pleaded clearly and precisely,
20  issues are not joined, discovery is not controlled, the trial court's docket becomes
21  unmanageable, the litigants suffer and society loses confidence in the court's ability
22  to administer justice.").  Additionally, while Plaintiff names individual defendants
23  R. Yavari, J. Kidd, E. Clark, V. Ortiz, and J. Curiel, Plaintiff fails to allege *any*
24  specific action taken by *any* of these individual defendants.  In amending the
25  Complaint, Plaintiff must identify when the alleged harm was committed, who
26  caused the alleged harm, and what actions were committed by each alleged
27  wrongdoer.
28  ///

## C. PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST ANY DEFENDANT

### (1) APPLICABLE LAW

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no respondeat superior liability exists under Section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A plaintiff must show "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted). In addition, he must show the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

### (2) ANALYSIS

Here, Plaintiff's claims against Defendants in their official capacity fail. Plaintiff fails to identify a policy that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." See Trevino, 99 F.3d at 918. Plaintiff simply alleges he has been wrongfully accused of indecent exposure rules violations and claims there is an "epidemic" at Lancaster Prison of inmates being charged with indecent exposure rule violations. Compl. at 6. This subjective

conclusion fails to set forth a policy, practice, or custom. In addition, Plaintiff seeks damages from Defendants only in their individual capacity. Id. at 14. Therefore, Plaintiff's official capacity claims must be dismissed.

### D. PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM

#### (1) APPLICABLE LAW

Allegations of retaliation against a plaintiff inmate's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct; (4) the adverse action "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment in the prison context has included filing of a prison grievance, Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), giving legal assistance to other inmates, Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985), and access to the courts, Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

#### (2) ANALYSIS

Here, Plaintiff's First Amendment retaliation claim fails. As a preliminary matter, Plaintiff fails to identify any protected conduct. Moreover, Plaintiff cites no authority, and the Court is unaware of any authority, protecting the right not to wear particular clothing in prison.

In addition, Plaintiff fails to allege Defendants took adverse action. To the extent Plaintiff alleges the requirement of wearing the yellow jumpsuit constitutes adverse action, he fails to allege such requirement "would chill or silence a person

1 of ordinary firmness from future First Amendment activities." See Rhodes v.
2 Robinson, 408 F.3d at 568. Therefore, Plaintiff's First Amendment retaliation
3 claim must be dismissed.

4 **E. PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT**
5 **SEXUAL HARASSMENT CLAIM**
6 **(1) APPLICABLE LAW**

7 Prison officials violate the Eighth Amendment's prohibition against cruel
8 and unusual punishment when they deny humane conditions of confinement with
9 deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128
10 L. Ed. 2d 811 (1994). To state a claim for such an Eighth Amendment violation, an
11 inmate must show objective and subjective components. Clement v. Gomez, 298
12 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively
13 insufficiently humane condition violative of the Eighth Amendment" which poses
14 a substantial risk of serious harm. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir.
15 1996). The subjective component requires prison officials acted with the culpable
16 mental state, which is "deliberate indifference" to the substantial risk of serious
17 harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104-06, 97 S. Ct.
18 285, 50 L. Ed. 2d 251 (1976). "[A] prison official cannot be found liable under the
19 Eighth Amendment for denying an inmate humane conditions of confinement
20 unless the official knows of and disregards an excessive risk to inmate health or
21 safety; the official must both be aware of facts from which the inference could be
22 drawn that a substantial risk of serious harm exists, and he must also draw the
23 inference." Farmer, 511 U.S. at 837.

24 Prisoners have an Eighth Amendment right to be free from sexual abuse.
25 Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000). However, the Eighth
26 Amendment "do[es] not necessarily extend to mere verbal sexual harassment."
27 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Minifield v. Butikofer, 298
28 F. Supp. 2d 900, 903-04 (N.D. Cal. 2004) ("Allegations of verbal harassment and

9

1  abuse fail to state a claim cognizable under 42 U.S.C. § 1983.").  In addition, mere
2  threats are not cognizable claims under Section 1983.  <u>Minifield</u>, 298 F. Supp. 2d at
3  903.

  **(2)** **ANALYSIS**

  Here, Plaintiff's Eighth Amendment cruel and unusual punishment claim fails.  Plaintiff alleges he "feel[s] uncomfortable because staff are constantly staring at [his] lap and between [his] legs, always looking down at [him] staring, like the[y're] just waiting for [him] to do something inappropriate."  Compl. at 7.  Plaintiff appears to argue his Eighth Amendment rights are violated by this "retaliatory sexual harassment" and Defendants' deliberate indifference to the humiliation caused Defendants' malicious issuance of indecent exposure rule violations.  <u>Id.</u> at 6-7.

  However, Plaintiff fails to show his discomfort or humiliation created an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm.  <u>See</u> <u>Osolinski</u>, 92 F.3d 938; <u>see also</u> <u>Walker v. Villalobos</u>, No. CV 12-2383-VAP (PJW), 2014 WL 658365, at *8 (C.D. Cal. Feb. 14, 2014) (finding plaintiff's allegations regarding defendant's "verbal threats and sexual harassment fail to state a claim under the Eighth Amendment").  Further, Plaintiff offers no facts showing Defendants acted while knowing of and disregarding an excessive risk to inmate health or safety.  <u>See</u> <u>Farmer</u>, 511 U.S. at 837-38.  Therefore, Plaintiff's Eighth Amendment must be dismissed.

**F.** **PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM**

  **(1)** **APPLICABLE LAW**

  The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property."  U.S. Const. amend. XIV, § 1.  "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created

1  by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384,
2  162 L. Ed. 2d 174 (2005) (citations omitted).  Due process analysis "proceeds in
3  two steps: We first ask whether there exists a liberty or property interest of which a
4  person has been deprived, and if so we ask whether the procedures followed by the
5  State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219, 131
6  S. Ct. 859, 178 L. Ed. 2d 732 (2011).

7     Courts have held prisoners have "no constitutionally guaranteed immunity
8  from being falsely or wrongly accused of conduct which may result in the
9  deprivation of a protected liberty interest," but they do have "the right not to be
10 deprived of a protected liberty interest without due process of law." Freeman v.
11 Rideout, 808 F.2d 949, 951 (2d Cir. 1986); see also Sprouse v. Babcock, 870 F.2d
12 450, 452 (8th Cir. 1989) (finding inmate's claims based upon falsity of charges
13 brought by a prison counselor did not state a constitutional claim).  In order to
14 establish the deprivation of a protected liberty interest, a prisoner must allege an
15 "atypical, significant deprivation in which a State might conceivably create a liberty
16 interest." Sandin v. Conner, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418
17 (1995) (holding "segregated confinement did not present the type of atypical,
18 significant deprivation in which a State might conceivably create a liberty
19 interest"). In order to establish the denial of procedural protections afforded by
20 due process, a prisoner must allege denial of the requirements set forth in Wolff v.
21 McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), which include
22 written notice, the right to call witnesses, the right to present documentary
23 evidence, and the right to have a written statement by the factfinder as to the
24 evidence relied upon and the reasons for the disciplinary action taken. See Serrano
25 v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003).

26     **(2)   ANALYSIS**
27     Here, Plaintiff's Fourteenth Amendment due process claim fails.  Plaintiff
28 appears to allege he has been wrongly accused of rule violations and argues it is "so

easy" for inmates to be given rule violations for indecent exposure without due process in violation of their Fourteenth Amendment rights. Compl. at 6-7. However, Plaintiff has no due process right to be free from false accusations. See Freeman, 808 F.2d at 951; see also Sprouse, 870 F.2d at 452. In addition, the CDCR action that Plaintiff challenges (e.g. Plaintiff's window being covered with a yellow placard and being required to wear an "indecent exposure control jumpsuit") fails to constitute an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. 486. Finally, Plaintiff has not alleged he was denied the procedural protections set forth in Wolff. Therefore, Plaintiff's Fourteenth Amendment due process claim must be dismissed.

### G.    PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM

#### (1)    APPLICABLE LAW

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)). In order to state a Section 1983 equal protection claim, a plaintiff must allege he was treated differently from others who were similarly situated without a rational basis or discriminated against based on his membership in a protected class. See Serrano, 345 F.3d at 1082 (requirements for Section 1983 equal protection claim based on membership in protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir. 2014) (affirming district court dismissal of inmate's equal protection claim).

///
///

    **(2)   ANALYSIS**

Here, Plaintiff's equal protection claim fails.  Plaintiff fails to allege facts showing Defendants treated him differently from others similarly situated without a rational basis or discriminated against him based on his membership in a protected class.  In fact, Plaintiff has not even identified any similarly situated inmates who were treated differently from him.  See Compl.  Therefore, Plaintiff's Equal Protection claim must be dismissed.

## V.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

    1.    Plaintiff may file a First Amended Complaint to attempt to cure the deficiency discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will

treat all preceding complaints as nonexistent.  Id.  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to allege insufficient facts to state a claim.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed withprejudice for failure to state a claim, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  October 11, 2016

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge