1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY LEE MORRIS,<br><br>                              Plaintiff,<br><br>             v.<br><br>CDCR, et al.,<br><br>                              Defendants. | Case No. CV 16-5547-SVW (KK)<br><br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff Sammy Lee Morris ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a First Amended Complaint ("FAC") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging defendants CDCR, R. Yavari, J. Kidd, E. Clark, V. Ortiz, and J. Curiel ("Defendants") violated his First, Eighth, and Fourteenth Amendment rights.  As discussed below, the Court dismisses the FAC with leave to amend.

///

///

///

///

## II.

## __PROCEDURAL HISTORY__

On July 20, 2016, Plaintiff constructively filed[1] a complaint ("Complaint") pursuant to Section 1983.  Dkt. 1, Compl.[2]  Plaintiff sued Defendants R. Yavari, J. Kidd, E. Clark, V. Ortiz, and J. Curiel in both their individual and official capacities for violations of his First, Eighth, and Fourteenth Amendment rights.  Id.

On October 11, 2016, the Court dismissed the Complaint for failure to state a claim, but granted Plaintiff leave to amend.  Dkt. 11.

On October 25, 2016, Plaintiff constructively filed the instant FAC pursuant to Section 1983.  Dkt. 12, FAC.  Plaintiff again sues Defendants R. Yavari, J. Kidd, E. Clark, V. Ortiz, and J. Curiel in both their individual and official capacities.  Id.

Plaintiff alleges a number of incidents where he was falsely accused of indecent exposure.  On November 6, 2014, Plaintiff alleges Defendant Kidd wrote a false rule violation saying Plaintiff "was playing with [himself]."  Id. at 6.  On November 24, 2014, Plaintiff alleges Defendant Clark wrote up a false rules violation "saying she had seen [Plaintiff's] private parts."  Id. at 7.  On May 26, 2015, Defendant Yavari "submitted a false claim of 'masturbation with exposure.'"  Id. at 5.  On July 17, 2015, Plaintiff was found "not guilty" of the "false claim."  Id.  Plaintiff alleges this resulted in "sexual harassment" because, until he was proven innocent, a yellow placard was placed on his door and he was required to wear an "Indecent Exposure Control Jumpsuit" which "brought sexual shame upon" Plaintiff.  Id. at 5-6.

---

[1]    Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2]    The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

1    On June 13, 2015, Plaintiff alleges Defendant Curiel, the appeals coordinator

2    sent back an unspecified appeal Plaintiff filed saying he "needed 1st Document."

3    Id. at 8.  When Plaintiff provided that document, Defendant Curiel "again sent

4    [Plaintiff's] appeal back, saying that the date on the Document was out dated."  Id.

5    When Plaintiff submitted the appeal again, it was sent back stating Plaintiff needed

6    to use a different form.  Id.  Plaintiff alleges Lancaster Prison has a "history and

7    common practice of rejecting legitimate appeals, and not accepting staff

8    complaints" in order to "protect and cover up the misconduct of the

9    staff/officers."  Id.

10   On December 8, 2015, Plaintiff alleges Defendant Ortiz submitted a "false

11   claim of masturbation with exposure."  Id. at 7.  Plaintiff alleges he "is be[ing]

12   punish[ed] and set up for prior use of prison grievance system and doing law suit."

13   Id. at 8.

14   Plaintiff alleges being forced to wear the indecent exposure control jumpsuit

15   makes him a "target" when he goes to groups in that he "feel[s] uncomfortable

16   because staff are constantly staring at [his] lap and between [his] legs, always

17   looking down at [him] staring, like the[y're] just waiting for [him] to do something

18   inappropriate."  Id. at 10.  Plaintiff alleges this is "a series of violations with due

19   process violations, its [sic] very cruel and unusual punishment and violates inmates

20   First Amendment and Fourth [sic] Amendment Rights of the Constitution to be

21   treated different in this way."  Id.  Lastly, Plaintiff alleges "CDCR have been using

22   this case to set me up and retaliat[e]."  Id. at 11.

23   Plaintiff seeks compensatory and punitive damages in the sum of $100,000

24   against each Defendant in their individual capacity.  Id. at 14.

25   **III.**

26   **STANDARD OF REVIEW**

27   As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC

28   and is required to dismiss the case at any time if it concludes the action is frivolous

1    or malicious, fails to state a claim on which relief may be granted, or seeks

2    monetary relief against a defendant who is immune from such relief.  28 U.S.C. §

3    1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194

4    (9th Cir. 1998).

5         In determining whether a complaint fails to state a claim for screening

6    purposes, the Court applies the same pleading standard from Rule 8 of the Federal

7    Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to

8    dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter,

9    668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a complaint must contain a

10   "short and plain statement of the claim showing that the pleader is entitled to

11   relief."  Fed. R. Civ. P. 8(a)(2).

12        A complaint may be dismissed for failure to state a claim "where there is no

13   cognizable legal theory or an absence of sufficient facts alleged to support a

14   cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)

15   (citation omitted).  In considering whether a complaint states a claim, a court must

16   accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630

17   F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true

18   "allegations that are merely conclusory, unwarranted deductions of fact, or

19   unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th

20   Cir. 2008) (citation omitted).  Although a complaint need not include detailed

21   factual allegations, it "must contain sufficient factual matter, accepted as true, to

22   'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d

23   1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct.

24   1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the

25   court to draw the reasonable inference that the defendant is liable for the

26   misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

27        "A document filed pro se is to be liberally construed, and a pro se complaint,

28   however inartfully pleaded, must be held to less stringent standards than formal

4

1  pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.

2  2008) (citation omitted).  "[W]e have an obligation where the p[laintiff] is pro se,

3  particularly in civil rights cases, to construe the pleadings liberally and to afford the

4  p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir.

5  2012) (citation omitted).

6          If the court finds the complaint should be dismissed for failure to state a

7  claim, the court has discretion to dismiss with or without leave to amend.  Lopez v.

8  Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted

9  if it appears possible the defects in the complaint could be corrected, especially if

10  the plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,

11  1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint

12  cannot be cured by amendment, the court may dismiss without leave to amend.

13  Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th

14  Cir. 2009).

15                                          **IV.**

16                                   **DISCUSSION**

17  **A.      PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM**

18  **        AGAINST ANY DEFENDANT**

19          **(1)     APPLICABLE LAW**

20          An "official-capacity suit is, in all respects other than name, to be treated as

21  a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099,

22  87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct.

23  873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th

24  Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party

25  in interest is the entity." Graham, 473 U.S. at 166.  Because no respondeat

26  superior liability exists under Section 1983, a municipality is liable only for injuries

27  that arise from an official policy or longstanding custom.  Monell v. Dep't of Soc.

28  Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611

1   (1978); <u>see also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.

2   Ed. 2d 412 (1989).  A plaintiff must show "that a [municipal] employee committed

3   the alleged constitutional violation pursuant to a formal governmental policy or a

4   longstanding practice or custom which constitutes the standard operating

5   procedure of the local governmental entity."  <u>Gillette v. Delmore</u>, 979 F.2d 1342,

6   1346 (9th Cir. 1992) (citations and internal quotation marks omitted).  Proof of

7   random acts or isolated events also is insufficient to establish a custom or practice.

8   <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1444 (9th Cir. 1989).  Rather, a

9   plaintiff must prove widespread, systematic constitutional violations which have

10   become the force of law.  <u>Board of County Comm'rs</u>, 520 U.S. at 404.  In addition,

11   he must show the policy was "(1) the cause in fact and (2) the proximate cause of

12   the constitutional deprivation."  <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996)

13   citing <u>Arnold v. Int'l Bus. Machines Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981)).

14       **(2)**    **ANALYSIS**

15       Here, Plaintiff's claims against Defendants in their official capacity once

16   again fail.  Plaintiff fails to identify a policy that was "(1) the cause in fact and (2)

17   the proximate cause of the constitutional deprivation."  <u>See</u> <u>Trevino</u>, 99 F.3d at

18   918.  Plaintiff simply alleges he has been wrongfully accused of indecent exposure

19   rules violations and claims there is an "epidemic" at Lancaster Prison of inmates

20   being charged with indecent exposure rule violations.  FAC at 4.  Plaintiff also

21   alleges there is a "history and common practice of rejecting legitimate appeals, and

22   not accepting staff complaints" in order to "protect and cover up the misconduct

23   of the staff/officers."  <u>Id.</u> at 8.  While Plaintiff alleges a single appeal of his was

24   repeatedly rejected, this is insufficient to establish a policy, practice, or custom.

25   <u>Thompson</u>, 885 F.2d at 1444.  These subjective conclusions fail to set forth a

26   policy, practice, or custom.  In addition, Plaintiff seeks damages from Defendants

27   only in their individual capacity.  <u>Id.</u> at 14.  Therefore, Plaintiff's official capacity

28   claims must be dismissed.

1   **B.    PLAINTIFF FAILS TO STATE A FIRST AMENDMENT**
2        **RETALIATION CLAIM**

3        **(1)    APPLICABLE LAW**

4        Allegations of retaliation against a plaintiff inmate's First Amendment rights
5   to speech or to petition the government may support a Section 1983 claim.  See
6   Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  Within the prison context, a
7   viable claim of First Amendment retaliation entails five elements: (1) the plaintiff
8   engaged in protected conduct; (2) an assertion that a state actor took some adverse
9   action against the plaintiff; (3) the adverse action was "because of" the plaintiff's
10  protected conduct; (4) the adverse action "would chill or silence a person of
11  ordinary firmness from future First Amendment activities;" and (5) the action did
12  not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408
13  F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the First Amendment in
14  the prison context has included filing of a prison grievance, Bruce v. Ylst, 351 F.3d
15  1283, 1288 (9th Cir. 2003), giving legal assistance to other inmates, Rizzo v.
16  Dawson, 778 F.2d 527, 531 (9th Cir. 1985), and access to the courts, Lewis v.
17  Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

18       **(2)    ANALYSIS**

19       Here, Plaintiff's First Amendment retaliation claim fails.  Plaintiff alleges he
20  "is be[ing] punish[ed] and set up for prior use of prison grievance system and doing
21  law suit."  FAC at 8.  However, Plaintiff's conclusory allegation of retaliation fails
22  to connect any Defendant's alleged adverse action with the alleged filing of a prison
23  grievance or lawsuit – Plaintiff does not even allege any Defendant knew of any
24  prior prison grievances or lawsuits.  See Peoples v. Schwarzenegger, 402 F. App'x
25  204, 205 (9th Cir. 2010)[3] (finding that the district court properly dismissed
26  plaintiff's "retaliation claim because his conclusory allegations did not connect any

27  _____

28  [3]    The Court may cite to unpublished Ninth Circuit opinions issued on or after
    January 1, 2007.  U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

1  defendant's alleged misconduct with the alleged infringement of his First

2  Amendment rights"); Vermeulen v. Jenkins, No. 1:13-CV-02007-LJO, 2014 WL

3  2154448, at *3 (E.D. Cal. May 22, 2014) (same).  Plaintiff also fails to provide any

4  facts from which the Court could infer retaliatory motive.  Watison v. Carter, 668

5  F.3d 1108, 1114 (9th Cir. 2012) ("Because direct evidence of retaliatory intent

6  rarely can be pleaded in a complaint, allegation of a chronology of events from

7  which retaliation can be inferred is sufficient to survive dismissal."); Pratt, 65 F.3d

8  at 808 (holding "timing can properly be considered as circumstantial evidence of

9  retaliatory intent").

10        Moreover, Plaintiff fails to allege sufficiently adverse action.  To the extent

11  Plaintiff alleges the requirement of wearing the yellow jumpsuit constitutes adverse

12  action, he fails to allege facts sufficient to show such requirement "would chill or

13  silence a person of ordinary firmness from future First Amendment activities."

14  See Rhodes, 408 F.3d at 568 (quoting Mendocino Envtl. Ctr. v. Mendocino Cty.,

15  192 F.3d 1283, 1300 (9th Cir. 1999)).  Therefore, Plaintiff's First Amendment

16  retaliation claim must be dismissed.

17  **C.**    **PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT**

18         **SEXUAL HARASSMENT CLAIM**

19      **(1)**   **APPLICABLE LAW**

20        Prison officials violate the Eighth Amendment's prohibition against cruel

21  and unusual punishment when they deny humane conditions of confinement with

22  deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128

23  L. Ed. 2d 811 (1994).  To state a claim for such an Eighth Amendment violation, an

24  inmate must show both objective and subjective components.  Clement v. Gomez,

25  298 F.3d 898, 904 (9th Cir. 2002).  The objective component requires an

26  "objectively insufficiently humane condition violative of the Eighth Amendment"

27  which poses a substantial risk of serious harm.  Osolinski v. Kane, 92 F.3d 934, 938

28  (9th Cir. 1996).  The subjective component requires prison officials acted with the

1  culpable mental state, which is "deliberate indifference" to the substantial risk of

2  serious harm.  Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104-06,

3  97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  "[A] prison official cannot be found liable

4  under the Eighth Amendment for denying an inmate humane conditions of

5  confinement unless the official knows of and disregards an excessive risk to inmate

6  health or safety; the official must both be aware of facts from which the inference

7  could be drawn that a substantial risk of serious harm exists, and he must also draw

8  the inference."  Farmer, 511 U.S. at 837.

9       Prisoners have an Eighth Amendment right to be free from sexual abuse.

10  Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000).  However, the Eighth

11  Amendment "do[es] not necessarily extend to mere verbal sexual harassment."

12  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Minifield v. Butikofer, 298

13  F. Supp. 2d 900, 903-04 (N.D. Cal. 2004) ("Allegations of verbal harassment and

14  abuse fail to state a claim cognizable under 42 U.S.C. § 1983.").  In addition, mere

15  threats are not cognizable claims under Section 1983.  Minifield, 298 F. Supp. 2d at

16  903.

17       **(2)   ANALYSIS**

18       Here, Plaintiff's Eighth Amendment cruel and unusual punishment claim

19  fails.  Plaintiff alleges he "feel[s] uncomfortable because staff are constantly staring

20  at [his] lap and between [his] legs, always looking down at [him] staring, like

21  the[y're] just waiting for [him] to do something inappropriate."  FAC at 10.

22  Plaintiff appears to argue his Eighth Amendment rights are violated by this

23  "retaliatory sexual harassment" and Defendants' deliberate indifference to the

24  humiliation caused Defendants' malicious issuance of indecent exposure rule

25  violations.  Id.

26       However, Plaintiff fails to show his discomfort or humiliation created an

27  "objectively insufficiently humane condition violative of the Eighth Amendment"

28  which poses a substantial risk of serious harm.  See Osolinski, 92 F.3d 938; see also

1    <u>Walker v. Villalobos</u>, No. CV 12-2383-VAP (PJW), 2014 WL 658365, at *8 (C.D.

2    Cal. Feb. 14, 2014) (finding plaintiff's allegations regarding defendant's "verbal

3    threats and sexual harassment fail to state a claim under the Eighth Amendment").

4    Further, Plaintiff offers no facts showing Defendants acted while knowing of and

5    disregarding an excessive risk to inmate health or safety.  <u>See</u> <u>Farmer</u>, 511 U.S. at

6    837-38.  Therefore, Plaintiff's Eighth Amendment claim must be dismissed.

7    **D.    PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT**

8    **DUE PROCESS CLAIM**

9         **(1)    APPLICABLE LAW**

10        The Due Process Clause of the Fourteenth Amendment protects individuals

11   against deprivations of "life, liberty, or property."  U.S. Const. amend. XIV, § 1.

12   "A liberty interest may arise from the Constitution itself, by reason of guarantees

13   implicit in the word 'liberty,' or it may arise from an expectation or interest created

14   by state laws or policies."  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S. Ct. 2384,

15   162 L. Ed. 2d 174 (2005) (citations omitted).  Due process analysis "proceeds in

16   two steps: We first ask whether there exists a liberty or property interest of which a

17   person has been deprived, and if so we ask whether the procedures followed by the

18   State were constitutionally sufficient."  <u>Swarthout v. Cooke</u>, 562 U.S. 216, 219, 131

19   S. Ct. 859, 178 L. Ed. 2d 732 (2011).

20        Courts have held prisoners have "no constitutionally guaranteed immunity

21   from being falsely or wrongly accused of conduct which may result in the

22   deprivation of a protected liberty interest," but they do have "the right not to be

23   deprived of a protected liberty interest without due process of law."  <u>Freeman v.</u>

24   <u>Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986); <u>see also</u> <u>Sprouse v. Babcock</u>, 870 F.2d

25   450, 452 (8th Cir. 1989) (finding inmate's claims based upon falsity of charges

26   brought by a prison counselor did not state a constitutional claim).  In order to

27   establish the deprivation of a protected liberty interest, a prisoner must allege an

28   "atypical, significant deprivation in which a State might conceivably create a liberty

1    interest."  Sandin v. Conner, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418

2    (1995) (holding "segregated confinement did not present the type of atypical,

3    significant deprivation in which a State might conceivably create a liberty

4    interest").  In order to establish the denial of procedural protections afforded by

5    due process, a prisoner must allege denial of the requirements set forth in Wolff v.

6    McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), which include

7    written notice, the right to call witnesses, the right to present documentary

8    evidence, and the right to have a written statement by the factfinder as to the

9    evidence relied upon and the reasons for the disciplinary action taken.  See Serrano

10   v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003).

11        **(2)   ANALYSIS**

12        Here, Plaintiff's Fourteenth Amendment due process claim fails.  Plaintiff

13   appears to allege he has been wrongly accused of rule violations and argues it is "so

14   easy" for inmates to be given rule violations for indecent exposure without due

15   process in violation of their Fourteenth Amendment rights.  FAC at 4, 10.

16   However, Plaintiff has no due process right to be free from false accusations.  See

17   Freeman, 808 F.2d at 951; see also Sprouse, 870 F.2d at 452.  In addition, the

18   CDCR action that Plaintiff challenges (e.g. Plaintiff's window being covered with a

19   yellow placard and being required to wear an "indecent exposure control

20   jumpsuit") fails to constitute an "atypical, significant deprivation in which a State

21   might conceivably create a liberty interest."  Sandin, 515 U.S. 486.  Finally,

22   Plaintiff has not alleged he was denied the procedural protections set forth in Wolff.

23   Therefore, Plaintiff's Fourteenth Amendment due process claim must be

24   dismissed.

25   ///

26   ///

27   ///

28   ///

**E.     PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM**

**(1)     APPLICABLE LAW**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)).  In order to state a Section 1983 equal protection claim, a plaintiff must allege he was treated differently from others who were similarly situated without a rational basis or discriminated against based on his membership in a protected class.  See Serrano, 345 F.3d at 1082 (requirements for Section 1983 equal protection claim based on membership in protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir. 2014) (affirming district court dismissal of inmate's equal protection claim).

**(2)     ANALYSIS**

Here, Plaintiff's equal protection claim fails.  Plaintiff fails to allege facts showing Defendants treated him differently from others similarly situated without a rational basis or discriminated against him based on his membership in a protected class.  In fact, Plaintiff has not even identified any similarly situated inmates who were treated differently from him.  See FAC.  Plaintiff only alleges he is being treated differently from "other human beings." Id. at 11.  Therefore, Plaintiff's Equal Protection claim must be dismissed.

**V.**

**LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

1   curiam).  Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of

2   the service date of this Order, Plaintiff choose one of the following two options:

3       1.       Plaintiff may file a Second Amended Complaint to attempt to

4   cure the deficiencies discussed above.  **The Clerk of Court is directed to mail**

5   **Plaintiff a blank Central District civil rights complaint form to use for filing**

6   **the Second Amended Complaint.**

7       If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must

8   clearly designate on the face of the document that it is the "Second Amended

9   Complaint," it must bear the docket number assigned to this case, and it must be

10  retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff

11  shall not include new defendants or new allegations that are not reasonably related

12  to the claims asserted in the FAC.  In addition, the Second Amended Complaint

13  must be complete without reference to the FAC, Complaint, or any other pleading,

14  attachment, or document.

15      An amended complaint supersedes the preceding complaint.  Ferdik v.

16  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will

17  treat all preceding complaints as nonexistent.  Id.  Because the Court grants

18  Plaintiff leave to amend as to all his claims raised here, any claim raised in a

19  preceding complaint is waived if it is not raised again in the Second Amended

20  Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

21      2.       Alternatively, Plaintiff may voluntarily dismiss the action without

22  prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court**

23  **is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court**

24  **encourages Plaintiff to use.**

25      The Court advises Plaintiff that it generally will not be well-disposed toward

26  another dismissal with leave to amend if Plaintiff files a Second Amended

27  Complaint that continues to allege insufficient facts to state a claim.  "[A] district

28  court's discretion over amendments is especially broad 'where the court has

1  already given a plaintiff one or more opportunities to amend his complaint.'"

2  Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations

3  omitted); see also Ferdik, 963 F.2d at 1261.

4        **Plaintiff is explicitly cautioned that failure to timely file a Second**

5  **Amended Complaint will result in this action being dismissed with prejudice**

6  **for failure to state a claim, prosecute, and/or obey Court orders pursuant to**

7  **Federal Rule of Civil Procedure 41(b).**

8

9  Dated:  November 09, 2016

10                                 HONORABLE KENLY KIYA KATO
                               United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28