UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SAMMY LEE MORRIS,
Plaintiff,
v.
CDCR, et al.,
Defendants.

Case No. CV 16-5547-SVW (KK)

ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND

**I.**

**INTRODUCTION**

Plaintiff Sammy Lee Morris ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Second Amended Complaint ("SAC") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging defendants CDCR, R. Yavari, Sgt. B.A. Gonzales, and Capt. D.J. Williams ("Defendants") violated his Eighth and Fourteenth Amendment rights. As discussed below, the Court dismisses the SAC with leave to amend.

///
///
///
///

## II.

## PROCEDURAL HISTORY

On July 20, 2016, Plaintiff constructively filed[1] a complaint ("Complaint") pursuant to Section 1983. Dkt. 1, Compl.[2] Plaintiff sued defendants R. Yavari, J. Kidd, E. Clark, V. Ortiz, and J. Curiel in both their individual and official capacities for violations of his First, Eighth, and Fourteenth Amendment rights. Id.

On October 11, 2016, the Court dismissed the Complaint for failure to state a claim, but granted Plaintiff leave to amend. Dkt. 11.

On October 25, 2016, Plaintiff constructively filed a First Amended Complaint ("FAC") pursuant to Section 1983. Dkt. 12, FAC. Plaintiff again sued defendants R. Yavari, J. Kidd, E. Clark, V. Ortiz, and J. Curiel in both their individual and official capacities for violations of his First, Eighth, and Fourteenth Amendment rights. Id.

On November 9, 2016, the Court dismissed the FAC for failure to state a claim, but granted Plaintiff leave to amend. Dkt. 13.

On November 28, 2016, Plaintiff constructively filed the instant SAC pursuant to Section 1983. Dkt. 16. Plaintiff sues defendants Yavari, Gonzales, and Williams in their individual capacity. Id. at 3. Plaintiff alleges defendant Yavari "knowingly and intentionally wrote a false and fabricated report meant to cause harm and humiliation," and defendants Gonzales and Williams caused "the retaliatory report to be processed further." Id. at 5. Plaintiff alleges the false report was "so flawed as to be completely dropped once a hearing was held." Id. Plaintiff further alleges "Defendant's use this type of punishment knowing they

---

1 Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

2 The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

place inmates at risk of harm or assault by other inmates." Id. at 6. Plaintiff alleges upon issuance of the report and before a hearing, Plaintiff was "subjected to the humiliation, ridicule, and shaming of having his windows view out 'BLOCKED' by large Yellow Plac-cards meant to convey to all persons who see them that [P]lainitff is some sort of sexual deviant, dangerous, and someone to be treated inhumanely." Id. at 5-6.

Plaintiff also sues CDCR alleging CDCR is "well aware, and promoted these underground methods of abuse, by setting in place policy's and proceedures [sic] to allow the punishment and abuse to go forward, until a hearing is held to make it stop." Id. at 6. Plaintiff alleges there is a "pattern of misconduct by CDCR staff that is violative of the procedural safeguards." Id. at 5. Plaintiff alleges "[o]nce a inmate is labled [sic] in this way he is forever viewed by staff and other inmates alike as some sort of pervert, or sexual deviant, and this places [P]laintiff at risk for assault or other harm, if any other inmates believes the allegations." Id. at 6.

## III.

## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the SAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if

the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. THE ELEVENTH AMENDMENT BARS CLAIMS AGAINST DEFENDANT CDCR

#### (1) APPLICABLE LAW

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiffs "seek damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. In the prisoner context, a state agency responsible for the incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam) (finding a suit against a state's Board of Corrections is barred by the Eleventh Amendment). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought." Id.

There is a narrow exception to Eleventh Amendment immunity for suits against a state official in his official capacity seeking prospective injunctive relief. Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). While generally a suit against an official in his official capacity "is, in all

respects other than name, to be treated as a suit against the entity," id. at 166, "official-capacity actions for prospective relief are not treated as actions against the State." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n.10, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Thus, a plaintiff may seek prospective injunctive relief in federal court against a state official in his official capacity to prohibit implementation of a state policy or custom that violates that plaintiff's constitutional rights. Graham, 473 U.S. at 167, n.14 (citing Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)). The state policy or custom must be the "moving force behind the deprivation." Id. (internal quotations omitted). A plaintiff must show the policy is "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); see also Graham, 473 U.S. at 167, n.14 ("[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." (quoting Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978))).

**(2) ANALYSIS**

Here, Defendant CDCR is a state agency responsible for the incarceration and correction of inmates in California. Thus, because the Eleventh Amendment bars Plaintiff from bringing claims against a state agency, CDCR must be dismissed on all claims. Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009); Stroman v. California Dep't of Corr. & Rehab., No. CIV. 2:14-524 WBS, 2014 WL 2208174, at *1 (E.D. Cal. May 28, 2014) ("In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is immune from suit under the Eleventh Amendment.").

In addition, even if Plaintiff had named the appropriate state official in his official capacity, Plaintiff fails to identify a policy that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). Plaintiff alleges there is a "pattern of misconduct

by CDCR staff that is violative of the procedural safeguards," "[w]riting false and fabricated reports for the purpose of punishing inmates, and knowing the staff who will push the false and fabricated reports through, is a underground method of targeting any inmate who is disliked," and "the use of false and fabricated Rules Violations Report is a OLD and well used means of subjecting inmates to Cruel and Unusual Punishment for violating rules and procedures, without Due Process." SAC at 5. Plaintiff alleges CDCR "promoted these underground methods of abuse, by setting in place policy's and proceedures [sic] to allow the punishment and abuse to go forward, until a hearing is held to make it stop." Id. at 6. However, Plaintiff only alleges a single false and fabricated report. Id. at 5-6. A single instance of staff allegedly violating procedural safeguards is insufficient to establish a policy, practice, or custom. Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989). Therefore, Plaintiff's official capacity claims would also fail to state a claim for relief.

## B. PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAIM

### (1) APPLICABLE LAW

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they deny humane conditions of confinement with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To state a claim for such an Eighth Amendment violation, an inmate must show both objective and subjective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104-06,

97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

**(2) ANALYSIS**

Here, Plaintiff's Eighth Amendment cruel and unusual punishment claim fails. Plaintiff simply alleges "Defendant's [sic] use this type of punishment knowing they place inmates at risk of harm or assault by other inmates." SAC at 6. However, Plaintiff offers no *facts* showing Defendants acted while knowing of and disregarding an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837-38. Similarly, Plaintiff fails to present any *facts* from which the Court can conclude any Defendant had direct or personal knowledge of the risk Plaintiff would face if classified as a sex offender. Iqbal, 556 U.S. at 676. Therefore, Plaintiff's Eighth Amendment claim must be dismissed.

**C. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM**

**(1) APPLICABLE LAW**

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (citations omitted). Due process analysis "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the

State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011).

Courts have held prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," but they do have "the right not to be deprived of a protected liberty interest without due process of law." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (finding inmate's claims based upon falsity of charges brought by a prison counselor did not state a constitutional claim). In order to establish the deprivation of a protected liberty interest, a prisoner must allege an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (holding "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"). "While stigma [from classification as a sex offender] alone is inadequate to affect a liberty interest, stigma plus an alteration in legal status can encroach on a cognizable liberty interest." Am. Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1058 (9th Cir. 2012); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) (holding an inmate *may* have a protected liberty interest in not being declared a sex offender, at least where the regulations require mandatory treatment and confession to past sex offenses as a precondition to parole, and noting the Court could "hardly conceive of a state's action bearing more 'stigmatizing consequences' than the labeling of a prison inmate as a sex offender"); see also Crumb v. Meadors, No. 2:14-CV-6718-DDP (GJS), 2016 WL 7408801, at *5 (C.D. Cal. Dec. 22, 2016), judgment entered, 2016 WL 7410524 (C.D. Cal. Dec. 22, 2016), amended, 2016 WL 7429100 (C.D. Cal. Dec. 22, 2016).

In order to establish the denial of procedural protections afforded by due process, a prisoner must allege denial of the requirements set forth in Wolff v.

McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), which include written notice, the right to call witnesses, the right to present documentary evidence, and the right to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. See Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003).

**(2) ANALYSIS**

Here, Plaintiff's Fourteenth Amendment due process claim fails. Plaintiff appears to allege he has been wrongly accused of rule violations without due process in violation of his Fourteenth Amendment rights. SAC at 5. First, Plaintiff has no due process right to be free from false accusations. See Freeman, 808 F.2d at 951; see also Sprouse, 870 F.2d at 452. In addition, the CDCR action that Plaintiff challenges (e.g., Plaintiff's window being covered with a yellow placard) fails to constitute an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. 486; see, e.g., Barno v. Ryan, 399 Fed. Appx. 272 (9th Cir. 2010) (affirming dismissal of claim alleging that classification as a sex offender was erroneous where plaintiff failed to allege any injury other than the erroneous classification itself plus visitation restrictions, and finding that the "alleged classification error did not result in any deprivations or changes in the conditions of confinement that constituted an 'atypical and significant hardship'") (quoting Sandin, 515 U.S. at 484); Hamilton v. Walsh, 2016 WL 2946621, at *5-6 (D. Nev. Apr. 21, 2016), accepted and adopted in its entirety, 2016 WL 2945200 (D. Nev. May 20, 2016) (finding allegations were insufficient to state a due process claim because a false classification as a sex offender, absent allegations of conditions resulting from the classification that imposed an atypical and significant hardship, did not implicate a protected liberty interest). In the absence of a protected liberty interest, Plaintiff is not entitled to the due process protections required by the Fourteenth Amendment. See, e.g., Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (procedural protections apply "only when the

disciplinary action implicates a protected liberty interest"); Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000) (where "no protected liberty interest" is implicated, plaintiff has no "cognizable due process claim") (as amended); Payne v. Gastelo, No. CV 16-01484-FMO (AFM), 2016 WL 7167897, at *3 (C.D. Cal. Oct. 31, 2016), report and recommendation adopted, 2016 WL 7167872 (C.D. Cal. Dec. 8, 2016) (dismissing first amended complaint for failure to state a due process claim where plaintiff alleged he was erroneously assigned a sex offender status without a hearing).

Finally, to the extent Plaintiff alleges some Defendants are liable based on their role in the inmate grievance process, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).

Therefore, Plaintiff's Fourteenth Amendment due process claim must be dismissed.

## D. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM

### (1) APPLICABLE LAW

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)). In order to state a Section 1983 equal protection claim, a plaintiff must allege he was treated differently from others who were similarly situated without a rational basis or discriminated against based on his membership in a protected class. See Serrano, 345 F.3d at 1082

(requirements for Section 1983 equal protection claim based on membership in protected class); Gallo v. Burson, 568 F. App'x 516, 517 (9th Cir. 2014) (affirming district court dismissal of inmate's equal protection claim).

**(2) ANALYSIS**

Here, Plaintiff's equal protection claim fails. Plaintiff alleges "ALL inmate/patients in the Mental Health Dept. Care are a 'protected class' of inmates." SAC at 5. However, Plaintiff fails to allege facts showing Defendants treated him differently from others similarly situated without a rational basis or discriminated against him based on his membership in this protected class. See Serrano, 345 F.3d at 1082. Therefore, Plaintiff's equal protection claim must be dismissed.

## V.

## LEAVE TO FILE A THIRD AMENDED COMPLAINT

For the foregoing reasons, the SAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Third Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Third Amended Complaint.**

If Plaintiff chooses to file a Third Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the SAC. In addition, the Third Amended Complaint must be

complete without reference to the SAC, FAC, Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Third Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Third Amended Complaint that continues to allege insufficient facts to state a claim. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.

**Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: January 19, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge